**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | |
| ) | **Criminal Action No. 2015-0013** |
| **DAMIAN LANG, SR.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**Attorneys:**
**Rami S. Badawy, Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Yvette D. Ross-Edwards, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's "Motion to Dismiss Indictment as the Result of an Unlawful Arrest," filed on January 12, 2016 (Dkt. No. 59) and the Government's Opposition thereto, filed on January 19, 2016 (Dkt. No. 66). Defendant moves to dismiss the two-count indictment filed against him in this case on the grounds that he "was the victim of a warrantless arrest executed without probable cause," and that "[t]he subsequent indictment is the direct result of an unlawful arrest." (Dkt. No. 59 at 3).

Even assuming, *arguendo*, that Defendant's arrest was unlawful, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution." *Government of Virgin Islands v. Josiah*, 641 F.2d 1103, 1105 (3d Cir. 1981) (quoting *United States v. Crews*, 445 U.S. 463, 474 (1980) (internal quotation marks omitted)); *see also United States v. Charles*, 2011 U.S. Dist. LEXIS 9946, at *3 (D.V.I. Jan. 31, 2011). While the "exclusionary principle . . . delimits what proof the Government may offer against the accused at trial . . . [, the defendant] is not himself

a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by [] police misconduct." *United States v. Riggins*, 319 F. App'x 180, 182 (3d Cir. 2009) (quoting *Crews*, 445 U.S. at 474); *see also Charles*, 2011 U.S. Dist. LEXIS 9946, at *3.

In the instant case, Defendant seeks to "suppress [his] arrest on grounds of lack of probable cause," and argues that "the charges that emanate from that unlawful arrest should be dismissed." (Dkt. No. 59 at 1, 4). However, an indictment may not be dismissed "simply because the defendant was illegally arrested." *Riggins*, 319 F. App'x at 182; *see also Charles*, 2011 U.S. Dist. LEXIS 9946, at *3 n.1 (stating that an attack on the legality of an arrest is insufficient to warrant dismissal of an indictment). Accordingly, the Court will deny Defendant's Motion to Dismiss Indictment.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Defendant's "Motion to Dismiss Indictment as the Result of an Unlawful Arrest" is **DENIED**.

**SO ORDERED.**

Date:  January 28, 2016

	_____/s/_____
	RAYMOND L. FINCH
	Senior District Judge