# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2015-0013 |
| ) | |
| DAMIAN LANG, SR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
  *For the United States*

**Pamela Lynn Colon, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Damian Lang, Sr.'s ("Defendant" or "Lang") "Motion to Dismiss for Due Process and Compulsory Process Violations" ("Motion") (Dkt. No. 294); the Government's "Opposition to Motion to Dismiss Indictment with Prejudice" ("Opposition") (Dkt. No. 300); and Defendant's Reply in support of his Motion ("Reply") (Dkt. No. 304). For the reasons set forth below, the Court will deny Defendant's Motion.

### I.  BACKGROUND

On April 28, 2015, a grand jury returned an indictment charging Defendant with one count of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of unauthorized possession of ammunition, in violation of 14 V.I.C. § 2256(a). (Dkt. No. 18). The charges stem from a search executed on Lang's residence by members of the Virgin Islands Police Department ("VIPD"), pursuant to a warrant signed by Virgin Islands Superior Court Magistrate

Judge Miguel Camacho. (Dkt. No. 3-1 at 1-2). Lang and two other occupants of the apartment were present during the search. *Id.* at 2. The search resulted in the discovery of ammunition. *Id.*

A jury trial was originally set for June 22, 2015. (Dkt. No. 21). Due to a series of continuances, the trial was most recently scheduled for September 16, 2019. (Dkt. No. 265). Defendant moved for authorization to serve subpoenas on VIPD Officer Moses President and VIPD Lieutenant Robert Matthews. (Dkt. No. 284). Magistrate Judge George W. Cannon, Jr., granted the motion and issued the subpoenas on July 8, 2019. (Dkt. No. 286). According to the subpoena form, the U.S. Marshals Service returned the subpoena for Officer President unexecuted on July 18, 2019 because "Moses President was unavailable due to Military Leave." (Dkt. No. 288 at 2). The Deputy U.S. Marshal who was responsible for service represented on the subpoena form that he "personally called Detective Moses President on 07/18/19 @ 14:19 PM. Moses notified [him] that he was not available and deploying to Afghanistan on Military Leave." *Id.* at 1. As stated on the subpoena form, the U.S. Marshals Service returned the subpoena for Lt. Matthews unexecuted on August 19, 2019 because "Lt. Robert Matthews retired and [i]s no longer employed with the VIPD." (Dkt. No. 299 at 2).

On August 8, 2019, Defendant filed the instant Motion along with a "Motion to Continue Trial Date" (Dkt. No. 295) and a "Motion for Costs to Hire a Private Process Server" (Dkt. No. 296). Magistrate Judge Cannon denied the Motion for Costs to Hire a Private Process Server because "the trial set for September 16, 2019, has been continued without date. Thus, any subpoena intended for a trial witness must be re-filed with the correct date to appear." (Dkt. No. 298 at 1). The requested continuance of the trial date, which was sought "if, and only if, the indictment is not dismissed with prejudice as requested in [Defendant's] Motion to Dismiss," (Dkt. No. 295 at 2) (citations omitted), was granted by the Court based on Defendant's representation that "a vital

2

witness for the defense, Virgin Islands Police Department Detective Moses President, has been deployed to Afghanistan," (Dkt. No. 297 at 1-2).[1] The Court also ordered the parties to "file a joint notice providing any information available to the parties with respect to the expected date of Detective Moses President's return to the Virgin Islands from his deployment in Afghanistan." *Id.* at 2.[2]

In the instant Motion, Defendant argues that the Indictment should be dismissed with prejudice because the Government violated his Sixth and Fifth Amendment rights to Compulsory Process and Due Process, respectively, by failing to timely and/or properly serve subpoenas on Officer President and Lt. Matthews. (Dkt. No. 294 at 6). The Government counters that it has not violated compulsory process because Defendant has not shown how the witnesses' testimony would have been material or favorable to his defense. (Dkt. No. 300 at 3-4). The Government further argues that Defendant has failed to provide any justification for the extreme remedy of dismissal of the Indictment with prejudice. *Id.* at 5-6.

## II. DISCUSSION

### A. Applicable Legal Principles

The Sixth Amendment guarantees that every person charged with a federal crime shall have compulsory process for obtaining witnesses in his favor. U.S. Const. amend. VI. The Compulsory Process clause affords to a criminal defendant the right to present witnesses or evidence in his

---

[1] The Court granted the Motion to Continue without any prejudice to its consideration of the instant Motion. (Dkt. No. 297 at 1 n.1).

[2] The parties have complied with the Court's Order. (Dkt. Nos. 301, 312). In addition, on December 17, 2019, the Government filed a Superseding Indictment reducing the counts against Defendant to one count of felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. No. 313). Defendant has filed a "Motion to Dismiss the Indictment and the Superseding Indictment for Lack of Jurisdiction." (Dkt. No. 317).

defense, "even though [such a right] is not expressly described in so many words." *Taylor v. Illinois*, 484 U.S. 400, 409 (1988). Compulsory process establishes "at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). The attendance of a witness may be compelled by a subpoena, as governed by Federal Rule of Criminal Procedure 17. Rule 17(d) states that "A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Fed. R. Crim. P. 17(d).

The Third Circuit has ruled that in order for a defendant to establish a violation of his Sixth Amendment right to compulsory process, "he must show [1] that he was deprived of the opportunity to present evidence in his favor; [2] that the excluded testimony would have been material and favorable to his defense; and [3] that the deprivation was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose." *Gov't of Virgin Islands v. Mills*, 956 F.2d 443, 446 (3d Cir. 1992) (citing *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). Evidence is material "only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 874 (1982) (importing the materiality requirement from the line of cases beginning with *Brady v. Maryland*, 373 U.S. 83 (1963) into compulsory process analysis); *see also United States v. Bagley*, 473 U.S. 667, 681 (1985) (citing *Valenzuela-Bernal* and adopting the "reasonable probability" test of materiality for *Brady* violation).

Dismissal of an indictment is appropriate only in exceptional circumstances, "in response to particularly egregious due process violations." *Gov't of Virgin Islands v. Fahie*, 419 F.3d 249,

252 (3d Cir. 2005) (citations omitted). This "extreme sanction which should be infrequently utilized," *United States v. Birdman*, 602 F.2d 547, 559 (3d Cir. 1978), is "potentially available in cases of deliberate misconduct by the government which resulted in substantial prejudice to the defendant," *United States v. Jafari*, 2012 WL 5335242, at *2 (D.N.J. Oct. 26, 2012), *aff'd*, 648 F. App'x 226 (3d Cir. 2016) (emphasis omitted) (citing *Fahie*, 419 F.3d at 254-55). The Court should dismiss an indictment only in "narrow circumstances and upon a finding of willful prosecutorial misconduct which violates the Due Process clause and causes prejudice to the defendant." *Fahie*, 419 F.3d at 255-56. A defendant may demonstrate willful prosecutorial misconduct through "a constitutional violation that results from a reckless disregard for a defendant's constitutional rights," or a pattern of constitutional violations showing recklessness on behalf of the prosecution. *See id*.

**B. Analysis**

Defendant argues that the Government "has impermissibly and unwarrantedly interfered with Mr. Lang's ability to compel Officer President and Lt. Matthews to testify at his trial" and that this interference comprises a compulsory process violation. (Dkt. No. 294 at 6). The gravamen of his argument is that a Deputy U.S. Marshal decided "to not even attempt to personally serve Officer President by putting the subpoena in his hands" prior to Officer President's deployment to Afghanistan, and failed to serve Lt. Matthews thirty days after a subpoena was issued. *Id.* at 6-7. Defendant contends that the Government, through the U.S. Marshals Service, arbitrarily decided not to execute the subpoenas and thus interfered with Defendant's right to compulsory process. *Id.* Defendant further contends that the unexecuted subpoenas forced a decision "between either his Sixth Amendment Right to Compulsory Process or his Sixth Amendment Right to a Speedy Trial," and thus the Court should dismiss the Indictment with prejudice. *Id.* at 7.

5

The Court begins its analysis by noting that Defendant has failed to provide any case law or legal analysis that supports his assertion that the Court should dismiss the Indictment with prejudice for the alleged compulsory process and due process violations stemming from the unexecuted subpoenas issued by the Court. Instead, Defendant (1) cites case law that is factually and legally inapposite and thus fails to establish a viable compulsory process claim; and (2) seeks a remedy that is employed only in response to "particularly egregious due process violations," *Fahie*, 419 F.3d at 252—which clearly does not exist here.

First, Defendant provides no legal authority for the proposition that the fact pattern he has described provides grounds for a viable compulsory process claim. Specifically, each case upon which Defendant relies involves alleged compulsory process violations that actually precluded the testimony of the witness at trial. *See* Dkt. No. 294 at 5-6 (citing *United States v. Cruz-Jiminez*, 977 F.2d 95 (3d Cir. 1992), *United States v. Sims*, 637 F.2d 625 (9th Cir. 1980), and *Government of Virgin Islands v. Mills*, 956 F.2d 443 (3d Cir. 1992)).[3] On appeal, the appellate court found that the district court violated the compulsory process rights of the defendant by denying the opportunity for the defendant's chosen witness to testify. Unlike these cases, however, there has been no such denial here because the Court granted the request for subpoenas and the trial has not yet taken place.[4] Under these circumstances, there has been no deprivation of the opportunity for

---

[3] In *United States v. Cruz-Jiminez*, the Third Circuit found that the district court denied a writ of habeas corpus ad testificandum without a hearing to determine if the proffered testimony was relevant and material to the defense. 977 F.2d at 104-05. In *United States v. Sims*, the Ninth Circuit found that the district court violated compulsory process when it denied the defendant's request to issue a subpoena without determining that the subpoena would in some way constitute an oppressive and unreasonable use of court process. 637 F.2d at 629. And, in *Government of the Virgin Islands v. Mills*, the Third Circuit found that the trial court violated the defendant's right to compulsory process by refusing to allow a willing witness to testify and failing to inform the parties of the witness's willingness to testify. 956 F.2d at 448.

[4] Even in the single pre-trial case cited by the Government, *United States v. Copeland*, where the U.S. Marshals Service served subpoenas which were prepared by the Clerk's Office in a different

Defendant to present allegedly favorable evidence as is required to establish the first element of a compulsory process violation. Rather, Defendant's right to compulsory process has been preserved.

Second, in view of the pre-trial posture of this case, the question becomes what remedy would be appropriate even if a compulsory process violation was viable under the circumstances here. Notably, in the cases discussed above where a compulsory process violation was found, the remedy imposed—as Defendant himself acknowledges—was reversal of the conviction. *See* Dkt. No. 294 at 6 ("The remedy for [compulsory process] violations is reversal of any conviction." (citing *United States v. Sims*, 637 F.2d 625 (9th Cir. 1980))).[5] In none of the cases was the indictment dismissed, much less with prejudice. Further, Defendant's Motion is devoid of any authority or rationale that would support the conclusion that such an extraordinary remedy would be appropriate under the circumstances here. To the contrary, because Defendant does not allege or establish willful prosecutorial misconduct resulting in substantial prejudice to Defendant, nor is there evidence of any "particularly egregious due process violations," *Fahie*, 419 F.3d at 252, the Court finds that Defendant fails to satisfy the requirements for dismissal of an indictment, *see id.* at 255-56.[6] Thus, even assuming that a compulsory process violation could be shown, the less

---

form and with different information than the defendant requested, the court found that the defendant failed to show "egregious prosecutorial misconduct and actual prejudice" required to dismiss an indictment and did not address whether it was a compulsory process violation. No. CR 17-00084-BAJ-EWD, 2018 WL 4937058 at *3 (M.D. La. Oct. 11, 2018).

[5] Unquestionably, this remedy would be inapplicable to this case, as Defendant has not yet been to trial, let alone been convicted of the crimes for which he is charged.

[6] In addition to the absence of any showing of willful or egregious prosecutorial misconduct, the Government correctly notes that Defendant provides no authority to support his assertion that the alleged misconduct by the U.S. Marshals Service can be imputed to the U.S. Attorney's Office. (Dkt. No. 300 at 5). Moreover, Defendant's passing reference to having to forego his right to a Speedy Trial, Dkt. No. 294 at 7, falls short of the requisite showing of prejudice, especially in view of the complete absence of any supporting argument in Defendant's submission, the many

severe and more appropriate remedy would be continuance of the trial so as to allow execution of the subpoenas and preservation of Defendant's right to compulsory process—the precise posture in which the case now stands.[7]

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Due Process and Compulsory Process violations will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 14, 2020
                                               _____/s/_____
                                               WILMA A. LEWIS
                                               Chief Judge

---

continuances of the trial of this matter sought and obtained by Defendant over the past four years—*e.g.*, Dkt. Nos. 24 (May 2015), 35 (September 2015), 104 (June 2016), 172 (February 2017), 261 (April 2019)—and the fact that the Speedy Trial Act specifically contemplates and excludes delays caused by the unavailability of an essential witness from the Act's time limits, 18 U.S.C. § 3161(h)(3).

[7] In view of the Court's rulings herein, it need not—and does not—opine on the parties' dueling versions of events surrounding the unexecuted subpoenas or on any positions advanced as to the propriety of the U.S. Marshals Service's actions. Further the Court need not reach the Government's argument regarding the materiality and favorability of the testimony at issue to the defense, or honor Defendant's suggestion that the Court review the anticipated testimony *ex parte* and under seal.