DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2015-0013 |
| ) | |
| DAMIAN LANG, SR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
   *For the United States*

**Pamela Lynn Colon, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Government's Motion to Dismiss Indictment" (Dkt. No. 344) and "Defendant's Reply to Government's Motion to Dismiss Indictment" (Dkt. No. 354). For the reasons that follow, the Court will grant the Government's Motion to Dismiss and dismiss the Indictment and the Superseding Indictment in this matter without prejudice.

### I. BACKGROUND

On April 8, 2021, the Government filed its Motion to Dismiss, wherein the Government requests that the Court dismiss the Indictment in this matter. (Dkt. No. 244).[1] The Court makes

---

[1] The Court notes that a Superseding Indictment has been filed in this matter. (Dkt. No. 313). Because the proposed Order attached to the Government's Motion to Dismiss reflects the Government's intent to have this matter closed, the Court construes the Motion as one to dismiss the Indictment and the Superseding Indictment. (Dkt. No. 344-1).

this request because, after "reconsider[ing] the evidence and other relevant circumstances, the Government has determined that dismissal is in the best interest of justice." *Id*. On the same day that the Government filed its Motion to Dismiss, Defendant filed his Reply, wherein he represents that he "has no objection to the Government's Motion to Dismiss Indictment provid[ed] that the dismissal is with prejudice." (Dkt. No. 345).

## II.     APPLICABLE LEGAL PRINCIPLES

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The amount of discretion that a court may exercise under Rule 48(a) is limited. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000). Only in rare circumstances should a court deny a prosecutor's motion for leave to dismiss under Rule 48(a). *See Richards*, 213 F.3d at 786. Indeed, "[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Id.* at 787 (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)).

Rule 48(a)'s principal purpose is to protect criminal defendants from "prosecutorial harassment," which is the "danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant." *Id.* at 786; *see also United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) (citing *Rinaldi*, 434 U.S. at 29 n.15); *United States v. Wecht*, 2008 WL 65605 at *3 (W.D. Pa. Jan. 4, 2008). Situations in which dismissal would be "clearly contrary to manifest public interest" include cases "in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Richards*, 213 F.3d at 786 (citing *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981)).

A presumption of good faith attaches to the government's decision to seek dismissal under Rule 48(a). *See United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991); *United States v. Galloway*, 2013 WL 4712042, at *2 (D.V.I. Aug. 30, 2013); *United States v. Etienne*, 2009 WL 1404808 at *2 (D.V.I. May 15, 2009). A defendant can rebut this presumption "by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal." *Etienne*, 2009 WL 1404808 at *2 (citing *Matta*, 937 F.2d at 568) ("To overcome the presumption of good faith, the defendant must show that the initial dismissal was in bad faith, or that the defendant has been prejudiced in his ability to challenge the prosecutor's motives because the government failed to articulate its reasons for the dismissal."). If a defendant fails to rebut the presumption of good faith, it is customary for a court to grant the government's Rule 48(a) motion to dismiss without prejudice. *See, e.g.*, *United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012) ("A district court is 'duty bound' to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless 'it specifically determines that the government is operating in bad faith' in pursuing the motion.") (quoting *United States v. Hayden,* 860 F.2d 1483, 1487 (9th Cir. 1988)); *see also United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994).

### III. DISCUSSION

The Court finds that Defendant has failed to rebut the presumption of good faith to which the Government is entitled in seeking leave to dismiss the Indictment. The Government represents that it is seeking dismissal of the Indictment because it has determined that doing so would be in the "best interest of justice" after reconsidering "the evidence and other relevant circumstances." (Dkt. No. 344). In response, Defendant simply states that he has no objection to the Government's Motion to Dismiss as long as the dismissal is with prejudice. (Dkt. No. 345).

Defendant has offered nothing to suggest that the Government is engaging in prosecutorial gamesmanship, or that its Motion to Dismiss was brought "to obtain improper tactical advantage or was motivated by a desire to harass" Defendant. *See Galloway*, 2013 WL 4712042, at *2; *Etienne*, 2009 WL 1404808 at *3. Nor has Defendant made any showing that the prosecutor is seeking dismissal in bad faith or without sufficiently articulating the reasons for dismissal. *Galloway*, 2013 WL 4712042, at *2. Further, the Court finds that Defendant has presented nothing which indicates that the Government's Motion to Dismiss was motivated by bribery, animus, an improper desire to avoid trial, or any other reason that is "clearly contrary to manifest public interest." *See Richards*, 213 F.3d at 787.

Because the Court has found that Defendant has failed to rebut the presumption of good faith, the Court will grant the Government's Motion to Dismiss *without* prejudice. *See Mujahid*, 491 F. App'x at 860; *Raineri*, 42 F.3d at 43; *Matta*, 937 F.2d at 568.

### IV.   CONCLUSION

For the reasons discussed above, the Court will grant the Government's Motion to Dismiss (Dkt. No. 344) and deny Defendant's request to dismiss the Indictments with prejudice (Dkt. No. 345). Accordingly, the Court will dismiss the Indictment and the Superseding Indictment without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date:   May 27, 2021                               _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge